**Motions Disposed, Appeal Dismissed, and Memorandum Opinion filed March 16, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00008-CR

**LEXTER  KENNON  KOSSIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 679887**

## MEMORANDUM  OPINION

Appellant was convicted of aggravated robbery. We affirmed his conviction in 1997. *See Kossie v. State*, No. 14–94–01171–CR; 1997 WL 109996 (Tex. App.—Houston [14th Dist.] Mar. 13, 1997, no pet.) (not designated for publication). Appellant has filed numerous appeals and original proceedings in this court concerning that conviction.[1]

---

[1] *In re Kossie*, No. 14-13-00324-CR, 2013 WL 1789808 (Tex. App.—Houston [14th Dist.] Apr. 25, 2013, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Kossie*

This appeal is from the November 23, 2020 order denying appellant's Motion Requesting Oral Hearing and Evidentiary Hearing for Motion for New Trial Out-Of-Time. The trial court initially certified that appellant had the right of appeal from that denial. We notified the trial court that the record does not support that certification, because the order is not a final judgment of conviction or otherwise subject to immediate appeal. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961) (generally, appeals may be taken only from final conviction). We requested the trial court to review the record and, if necessary, correct the certification. The trial court's corrected certification states:

> With respect to Defendant's Motion for New [sic] Requesting Oral Hearing and Evidentiary Hearing for Motion for New Trial Out-of-Time, filed on June 24, 2020, the defendant has the right of appeal. The Court makes no determination as to whether the Defendant's Motion is subject to immediate appeal.

On February 26, 2021, we notified the parties of our intent to dismiss this appeal unless appellant demonstrated, within 21 days, that the court has jurisdiction. Appellant's response to our notice of intent to dismiss asserts without authority that the order on appeal is a "final appealable order." His response fails to demonstrate that we have jurisdiction.

We order as follows:

1. We dismiss this appeal on our own motion for lack of jurisdiction.

2. The State's motion to dismiss, filed February 26, 2021, is moot.

---

*v. State*, 14-15-00131-CR, 2015 WL 1262504 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, no pet.) (per curiam) (mem. op., not designated for publication); *Kossie v. State*, No. 14-18-00232-CR, 2018 WL 1955047 (Tex. App.—Houston [14th Dist.] Apr. 26, 2018, no pet.) (per curiam) (mem. op., not designated for publication); *Kossie v. State*, 14-20-00671-CR, 2021 WL 245236 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021, no pet. h.) (per curiam) (mem. op., not designated for publication).

3. Appellant's Motion to Abate Appeal, Sentence, and Remand for Hearing on Motion for New Trial, filed February 12, 2021, is moot.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).